RECEIVED

SEP 2 4 2024

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS IN EL PASO

**Jacob Barreras**,
Plaintiff,

v.

**Lily Molina**, in her official capacity,
**Stanley Serwatka**, in his official capacity,
Defendants.

## COMPLAINT

### I. INTRODUCTION

1. This is a civil action brought by Plaintiff **Jacob Barreras** for violations of his rights under the Americans with Disabilities Act (ADA) of 1990, 42 U.S.C. § 12101 et seq., and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.
2. Defendants, **Lily Molina** and **Stanley Serwatka**, in their official capacities, failed to provide reasonable accommodations required under federal law and obstructed Plaintiff's ability to access services and communicate effectively, leading to discrimination on the basis of disability.

### II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it arises under federal statutes, including the ADA and Rehabilitation Act.
4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this claim occurred within this district.

### III. PARTIES

5. **Plaintiff**: **Jacob Barreras** is a resident of Texas and a qualified individual with disabilities under the ADA and Rehabilitation Act. Plaintiff is entitled to reasonable accommodations to ensure effective participation in federal programs, services, and activities.
6. **Defendant Lily Molina**: At all relevant times, **Lily Molina** was employed by US Attorney's Office and was acting within her official capacity.
7. **Defendant Stanley Serwatka**: At all relevant times, **Stanley Serwatka** was employed by US Attorney Office and was acting within his official capacity.

### IV. FACTUAL ALLEGATIONS

8. On 9/18/24, Plaintiff, in his effort to engage with the U.S. Attorney's Office, requested ADA accommodations to ensure effective communication and access to necessary services.
9. Plaintiff asked Defendant **Lily Molina** for access to an ADA Coordinator or information regarding ADA grievance procedures. Defendant Molina stated that such resources were unavailable and, when Plaintiff persisted in his request, she threatened to have security remove him from the building. This incident is recorded in an audio file retained by Plaintiff.
10. After Plaintiff informed Defendant Molina that he was recording the interaction, she requested Defendant **Stanley Serwatka** to come and assist Plaintiff.
11. Defendant **Stanley Serwatka** informed Plaintiff that neither he nor Defendant Molina were familiar with the ADA or the Rehabilitation Act. Serwatka explicitly stated that "it would be safe to say" that they did not know or have access to any information regarding ADA compliance, leaving Plaintiff without any guidance or support to ensure his ADA rights were respected. This exchange was recorded as well.
12. Defendant **Stanley Serwatka** further stated, on recorded video, that the U.S. Attorney's Office was not open to the public and that the lobby of the U.S. Attorney's Office was considered private property. This prevented Plaintiff from accessing the office to address his ADA needs or engage in any communication with the office staff.
13. During the recorded exchange, Defendant **Stanley Serwatka** also threatened Plaintiff with a civil lawsuit if Plaintiff showed or distributed the recording of their conversation to anyone. This threat caused Plaintiff distress and further complicated Plaintiff's ability to seek legal recourse for the denial of ADA accommodations.
14. Defendants' actions, including their refusal to provide or facilitate ADA accommodations and their incorrect assertions regarding public access to the U.S. Attorney's Office, constitute a violation of Plaintiff's rights under the ADA and Section 504 of the Rehabilitation Act.

## V. CAUSES OF ACTION

### Count I: Violation of the ADA (42 U.S.C. § 12101 et seq.)

15. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.
16. Defendants, by failing to provide reasonable accommodations and access to an ADA Coordinator or grievance procedure, violated the ADA by discriminating against Plaintiff based on his disability.
17. Defendants' actions deprived Plaintiff of meaningful access to services and effective communication, which are guaranteed under the ADA.

### Count II: Violation of Section 504 of the Rehabilitation Act (29 U.S.C. § 794)

18. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.
19. Defendants, acting in their official capacities, failed to provide reasonable accommodations and comply with Section 504 of the Rehabilitation Act, which prohibits

discrimination on the basis of disability in programs and activities receiving federal financial assistance.
20. Defendants' refusal to provide appropriate accommodations and grievance procedures violated Plaintiff's rights under Section 504.

## VI. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Declare that Defendants' actions violated the ADA and the Rehabilitation Act;
2. Order Defendants to implement ADA grievance procedures and appoint an ADA Coordinator to ensure compliance with federal disability laws;
3. Order Defendants to provide appropriate training on the ADA and Rehabilitation Act to all staff and employees to prevent future violations;
4. Award Plaintiff compensatory damages in the amount of **$100,000.00** for the distress, harm, and inconvenience caused by Defendants' failure to provide reasonable accommodations and comply with federal disability laws;
5. Grant such other relief as this Court deems just and proper.

## VII. DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues so triable.

**Dated:** 09/18/24
**Respectfully submitted,**

**Jacob Barreras**
2211 E. Missouri Ave # 221

El Paso, TX 79903


Plaintiff Pro Se